■ In the Matter of April B. Haney, Petitioner, v County of Sullivan et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Sullivan County) to review a determination of respondent Sullivan County Commissioner of Social Services which found petitioner guilty of misconduct and imposed a fine of $100.

Petitioner, an employee of the Sullivan County Department of Social Services, was formally charged with misconduct in failing to follow proper procedure for requesting a leave of absence and in being absent from work on several occasions without authorization. A hearing was held pursuant to Civil Service Law § 75 (2) at which the charge relating to the procedure for requesting a leave of absence was withdrawn and the parties stipulated to a number of facts. The stipulated facts establish, in essence, that petitioner was absent from work on a number of days due to illness, that she had no sick leave available to her and that she refused to accede to respondent County of Sullivan's demand that the absences be charged to accrued vacation time, insisting instead that the absences be considered as "no pay" days. Contrary to the hearing officer's recommendation, respondent County Commissioner of Social Services found petitioner guilty of misconduct and this CPLR article 78 proceeding ensued.

Before addressing the merits, we turn to a procedural point

raised by respondents. Pursuant to Civil Service Law § 76 (1), the Commissioner's determination could be appealed either to the appropriate administrative body having jurisdiction or to the courts pursuant to CPLR article 78. Petitioner initially filed a timely notice of appeal with the appropriate administrative body, but shortly thereafter commenced this article 78 proceeding and moved for permission to withdraw her notice of administrative appeal. Over respondents' objection, Special Term granted the motion and transferred the matter to this court. Respondents contend that by serving her notice of appeal, petitioner had irrevocably elected to pursue the administrative appeal process. Petitioner took no steps to pursue her administrative appeal other than to file a timely letter indicating her intent to appeal. Nor have respondents shown any prejudice. We reject respondents' argument that petitioner has been allowed to maintain two appeal proceedings simultaneously. In the circumstances, Special Term did not abuse its discretion in permitting petitioner to withdraw her notice of administrative appeal.

Turning to the merits, the thrust of the Commissioner's determination is that although petitioner may genuinely have been sick on the days she was absent, the lack of available sick leave, coupled with petitioner's repeated insistence that her absences be treated as "no pay" days, for which no provision was made in the relevant collective bargaining agreement, and not charged to accrued vacation time, constituted misconduct. We see nothing irrational in such a determination. Petitioner is not being penalized for her illnesses. Rather, due to her refusal to cooperate with the county's reasonable requests to charge her absences in accordance with the provisions of the collective bargaining agreement, petitioner's absences were unauthorized. A review of the record reveals the lack of merit in petitioner's claims that she is being disciplined for matters not contained in the notice of charges and that respondents relied upon matters outside the record.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.